UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Criminal No. 92-131-1 (RCL)<br>DANIEL WRIGHT, )<br>)<br>Defendant. )<br>) | **FILED**<br>MAY 2 2 2012<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

## MEMORANDUM

Before the Court is defendant Daniel Wright's motion to reduce sentence [149] under 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the United States Sentencing Guidelines. Upon consideration of the motion, the government's response [150], the entire record herein, and the applicable law, the Court will grant the motion and reduce the defendant's sentence to 70 months.

The defendant pled guilty on July 2, 2009 to possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C). According to the statement of offense [115], the police apprehended the defendant after he fled from a vehicle containing 123.1 grams of crack. Under Fed. R. Crim. P. 11(c)(1)(B), the plea agreement stipulated that the defendant's base offense level was 30, corresponding to an amount of crack greater than 50 grams but less than 150 grams. The plea agreement also stipulated a three-level reduction for acceptance of responsibility and timely notice of intent to enter a plea, producing a total offense level of 27. Judge James Robertson sentenced the defendant on November 8, 2007 to a term of imprisonment of 96 months. Judge Robertson agreed that a total offense level of 27 applied and

1

calculated a criminal history category of III, resulting in a guidelines range of a term of imprisonment of 87 to 108 months.

The United States Sentencing Commission promulgated a temporary amendment to the sentencing guidelines lowering the guidelines ranges for crack offenses on October 15, 2010, and re-promulgated the amendment as permanent on April 6, 2011. U.S.S.G. App. C, Amend. 750 (Supp. 2011). The amendment became effective on November 1, 2011. The Commission voted to give that change retroactive effect on June 30, 2011. The defendant accordingly filed the instant motion to reduce his sentence pursuant to the amendment and to 18 U.S.C. § 3582(c)(2) on April 27, 2012.

A district court may modify a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The first step for a court when considering a § 3582(c)(2) motion is to "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). The defendant and the government agree that the defendant is eligible for a sentence modification because Amendment 750 reduces his base offense level to 28 and his total offense level to 25, resulting in a new guidelines range of a term of imprisonment of 70 to 87 months. The Court agrees, finding the defendant eligible for a reduction of up to 26 months. The defendant and the government agree that the Court should reduce the defendant's sentence to 70 months.

Before granting a motion to reduce a sentence, a court must determine that the new sentence is consistent with § 3553(a), as well as applicable Sentencing Commission policy statements. Section 3553(a) requires courts to impose a sentence that is "sufficient, but not greater than necessary" to comply with the factors set forth in § 3553(a)(2), in particular the need for the sentence "to reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant . . . ." In determining that sentence, the statute requires courts to consider a variety of other factors: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the aforementioned penological purposes; 3) the kinds of sentences available; 4) the kinds of sentence and the sentencing range established by the guidelines; 5) any applicable guidelines policy statement; 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and 7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). Additionally, when contemplating a sentence reduction, courts may consider the danger posed by a reduction to individuals or the community and the defendant's post-sentencing conduct, U.S.S.G. 1B1.10 comment. n.1(B)(ii).

The Court finds that a sentence of 70 months is consistent with the factors listed in § 3553(a) and applicable Sentencing Commission policy statements. The Court will grant the defendant's motion to reduce sentence and reduce his term of imprisonment from 96 months to 70 months.

A separate order shall issue this date.

**SO ORDERED** this _22nd_ day of May 2012.

_____
ROYCE C. LAMBERTH
Chief Judge
United States District Court